IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN BACA GASTELUM,

    Petitioner,

v.                                                                                                  Civ. No. 08-0584 JB/RLP

JAMES JANECKA, Warden, *et al.*,

    Respondents

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1. This is a proceeding brought pursuant to 28 U.S.C. § 2254. After a jury trial, Petitioner was convicted of Great Bodily Injury by Vehicle (DWI); Driving while under the influence of liquor or drugs, fourth or subsequent offense; possession of an open container of alcoholic beverage; lack of evidence of financial responsibility; and driving on roadways laned for traffic. Answer [Doc. 11], Exhibit A thereto.

2. The trial court sentenced Petitioner to twelve years and nine months imprisonment as to all counts after enhancements. *Id.*

3. Petitioner has exhausted his claims, having filed both a direct appeal and a petition for writ of habeas corpus in the state court. Exhibits J through Y.

4. In his federal petition, Petitioner alleges that the enhancements he received violate the Fifth Amendment prohibition against double jeopardy. This was raised in his Amended Petition of Habeas Corpus: "Double Enhancement does not comport with the

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

protections against double jeopardy afforded by the state and federal constitutions." Exhibit S at 4. The state court summarily denied the amended petition. Exhibit V. The issue was raised in the petition for writ of certiorari, Exhibit W, which was summarily denied by the New Mexico Supreme Court. Exhibit Y.

    5. In *Yparrea v. Dorsey*, 64 F.3d 577 (10th Cir. 1995), the court held that while the Double Jeopardy Clause "prohibits the state from multiple punishments for the same offense," *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), New Mexico's habitual offender statutes do not "multiply punishments for a prior crime, but simply increase[] the punishment for a new crime." *Id.* at 579 (citing *State v. Yparrea*, 845 P.2d 1259, 1262 (N.M. Ct. App. 1992). Petitioner does not offer any facts to indicate that he received multiple punishments for the same offense.

### RECOMMENDED DISPOSITION

    I recommend that the petition for writ of habeas corpus be denied and this case be dismissed with prejudice.

                                                  Richard L. Puglisi
                                                  United States Magistrate Judge